THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* THOMAS E. DALTON, Defendant.

Police Court, Village of Garden City, April 14, 1954.

*George L. Hubbell, Jr., Village Attorney* (*Edward J. Walsh, Jr.,* of counsel), for plaintiff.

*Joseph H. Wackerman* for defendant.

WILDERMUTH, P. J. The defendant is charged with a violation of subdivision 6 of section 88 of article 6 of the Vehicle and Traffic Law, " school stop sign ", which states: " No person shall fail, neglect or refuse to comply with any reasonable order of a peace officer engaged in the direction of traffic nor with any lawful traffic regulations displayed in any highway."

Garden City, a village of the first class, enacted General Ordinance 43 providing " that pursuant to the provisions of Sections 86 and 90 of the Vehicle & Traffic Law, as amended, the Police Department of the Incorporated Village of Garden City is hereby authorized to designate and regulate school crossings before entering which all vehicles shall come to a full stop unless otherwise directed by a police officer or signal; safety zones, parking spaces, bus stops and taxicab stands in the public streets of the Village and to cause the same to be marked and indicated by suitable signs."

The defendant contends that the board of trustees as the legislative body of the village is without power to delegate to the police department the authority to designate and regulate school crossings.

The Vehicle and Traffic Law of the State of New York has been made exclusively controlling of motor vehicles and their use of the public highways, and has provided instances in which the legislative body of a village may legislate in the control of traffic. There are also certain instances where the Legislature has given authority to the legislative body of the village to designate a municipal body or officer to act, to wit: (1) highways in which vehicles shall proceed in one direction only and from which heavy trucks shall be excluded (§ 90, subd. 1), (2) safety zones, parking spaces, bus stops, cab and taxicab stands (§ 86, subd. 1).

Nowhere else in the Vehicle and Traffic Law am I able to find a provision to the effect that a village of the first class is permitted to delegate its power. From this it would appear that unless there is a specific grant of power to so delegate given to a village, it must be found by statute. (*Matter of Schenectady K. of C.* v. *Golden,* 134 Misc. 412.) Under the maxim " *expressio unius est exclusio alterius* ", the specific mention of one remedy impliedly excludes any other (McKinney's Cons. Laws of N. Y., Book 1, Statutes, § 34).

The village board may delegate its authority to the police department, as it did by Ordinance 43 with reference to safety zones, parking spaces, bus stops, cab and taxicab stands. However, it added to this delegation of power " school crossings ", which in my opinion it had no authority or power to do. I find the ordinance is invalid in that respect.

It is indeed most unfortunate that the village does not have the authority to delegate its power to designate school crossings to the police department for I believe it to be even more important than the power to designate one-way streets, safety zones, etc.

Children are notoriously careless and irresponsible and need protection when traveling in groups to and from school. The Legislature has recognized this by subdivision 24 of section 81 of the Vehicle and Traffic Law which compels all vehicles overtaking or meeting a school bus when it is discharging passengers to come to a complete stop. When getting in or out of a school bus it is impossible to know where children will dart. This is equally true of school crossings.

In order to avoid serious injury or death to children, an alert police department can best judge from day to day where to place school stop signs for the safety of children. The police department has facilities with which to make surveys for that

purpose so that if for any reason conditions or circumstances warrant, they can immediately change the school crossing signs. Undoubtedly the village board of Garden City, having in mind that the safety of children is of paramount importance felt that specifically designating school stop crossings by ordinance and thereafter being compelled to amend the ordinance as conditions changed, would require time and possibly be too late to avoid a serious accident.

Pursuant to subdivision 6 of section 90 of the Vehicle and Traffic Law, any and all of the powers to prohibit, limit, regulate or control traffic upon public highways and streets by the Vehicle and Traffic Law granted to the legislative body of a city, may, by such legislative body, be delegated by ordinance to any municipal board or body designated by it. It will be noted that this power is only granted to a city and I firmly believe this subdivision of the Vehicle and Traffic Law should be amended so as to give villages of the first class the same authority as is given to the cities. By so doing it would legalize the provisions of village Ordinance 43 as it now stands and also give the right and authority to a village of the first class to delegate to a municipal board or body other matters of equal importance.

Until the Vehicle and Traffic Law is so amended, it would appear to me that the board of trustees should give consideration to the passage of an ordinance designating school crossings.

In view of the above, it is not necessary for me to pass upon the question of fact presented upon the trial.

The motion to dismiss the complaint is granted and the defendant is discharged.